IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kathy Travis, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11cv7911 |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, Danielle Stephens, | ) ) ) ) | Magistrate Sheila M. Finnegan |
| Defendants. | ) | |

## ANSWER TO COMPLAINT OF EMPLOYMENT DISCRIMINATION AND AFFIRMATIVE DEFENSE

NOW COME the Defendants, Illinois Community College District 504, County of Cook, State of Illinois a/k/a Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, and Danielle Stephens, by and through their attorneys Daniel E. Cannon of Kusper & Raucci Chartered, and for their answer to the complaint of employment discrimination and affirmative defense, state as follows:

1. This is an action for employment discrimination.

ANSWER: The defendants admit the allegations in paragraph 1.

2. The plaintiff is Kathy Travis of the county of Cook in the state of Illinois.

ANSWER: The defendants admit the allegations in paragraph 2.

3. The defendant is Triton College, whose street address is 2000 Fifth Avenue, River Grove, IL 60171 (Defendant's telephone number) (708)-456-0300 x 3748 or 3483.

ANSWER: The defendants admit the allegations in paragraph 3.

4. The plaintiff sought employment or was employed by the defendant at 2000 fifth Ave., River Grove, IL 60171.

ANSWER: The defendants admit the allegations in paragraph 4.

5. The plaintiff was employed but is no longer employed by the defendant.

ANSWER: The defendants admit the allegations in paragraph 5.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, May 24, 2011.

ANSWER: The defendants deny the allegations in paragraph 6.

7.1. (a) The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) the United States Equal Employment Opportunity Commission, on or about September 8, 2011.

(b) If charges were filed with an agency indicated above, a copy of the charge is attached. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

ANSWER: The defendants admit the allegations in paragraph 7.1 and paragraphs 7.1(i) and 7.1(b).

8(b). the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on September 19, 2011 a copy of which *Notice* is attached to this complaint.

ANSWER: The defendants admit the allegations in paragraph 8(b).

2

9. The defendant discriminated against the plaintiff because of the plaintiff's:

(a) Age (Age Discrimination Employment Act);

(b) Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981);

(e) Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981);

(f) Religion (Title VII of the Civil Rights Act of 1964); and

(g) Sex (Title VII of the Civil Rights Act of 1964).

ANSWER: The defendants deny the allegations in paragraph 9 (a), (b), (e), (f) and (g).

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

ANSWER: The defendants admit that the College is a local governmental agency, but deny discrimination on the basis of race, color or national origin under 42 U.S.C. § 1983.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A by 42 U.S.C.§12117, for the Rehabilitation Act, 29 U.S.C. §791.

ANSWER: The defendants admit the allegations in paragraph 11.

12. The defendant:

(a) failed to hire the plaintiff;

(b) terminated the plaintiff's employment;

(c) failed to promote the plaintiff; and

(g) retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

3

ANSWER: The defendants admit that the plaintiff's employment was terminated and that she was not rehired, but deny the remaining allegations in paragraph 12.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

The defendants knowingly, intentionally and willfully changed and removed the job postings from the web site, where I was to apply for another position on the campus grounds. After a discussion regarding job performance, I was told to select a new position.

ANSWER: The defendants deny the allegations in paragraph 13.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

ANSWER: The defendants deny the allegations in paragraph 14.

15. The plaintiff demands that the case be tried by a jury. ___ YES ___ NO

ANSWER: The defendants admit that the plaintiff did not demand that the case be tried by a jury.

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff:

Direct the defendant to (specify): Grant the plaintiff relief, for emotional distress, compensatory and punitive damages/double lost wages;

If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees;

Grant such other relief as the Court may find appropriate.

ANSWER: The defendants deny the allegations in paragraph 16 and deny that the plaintiff is entitled to any relief whatsoever.

# AFFIRMATIVE DEFENSE

NOW COMES the Defendants, Illinois Community College District 504, County of Cook, State of Illinois a/k/a Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, and Danielle Stephens, by and through their attorneys Daniel E. Cannon of Kusper & Raucci Chartered, and for their affirmative defense against the Plaintiff Kathy Travis, state as follows:

1. In the Charge of Discrimination attached to the Complaint the plaintiff failed to check the box for discrimination based on color.

2. The plaintiff has accordingly waived her right to proceed under Title VII and Sections 1981 and 1983 on a discrimination claim based on her color.

                          Respectfully submitted,

                          Illinois Community College District 504, County of Cook, State of Illinois a/k/a Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, and Danielle Stephens

                          By: s/Daniel E. Cannon
                                Daniel E. Cannon

Daniel E. Cannon
Kusper & Raucci Chartered
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 332-5000
ARDC No. 6180109
Attorney for Defendants