IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| Kathy Travis, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 11cv7911 |
| v. | ) | Judge Elaine E. Bucklo |
| Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, Danielle Stephens, | ) | Magistrate Sheila M. Finnegan |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER TO COMPEL A DISCOVERY RESPONSE AND TO EXTEND DISCOVERY

On December 20, 2012, the plaintiff filed her "motion for an order to compel a discovery response and to extend discovery." The defendants submit their response as follows:

1. In the prefatory paragraph to her motion, the plaintiff alleges a "failure to cooperate in discovery." Nothing could be further from the truth.

2. This is the second baseless motion the plaintiff has filed related to discovery. On May 4, 2012, the plaintiff filed a motion entitled "Motion to Terminate or Limit Examination of Deposition" (document 23), which was denied by Magistrate Judge Finnegan on May 16, 2012 (document 27).

3. At the hearing on January 26, 2012, the court inquired whether the defendants would voluntarily produce employee records to the plaintiff and the undersigned counsel answered in the affirmative. This was reflected in the order entered on that date (document 21) which also ordered discovery closed by May 25, 2012.

4. Discovery was not closed on May 25, 2012 due to the motion described in paragraph 2 above.

5. After the order entered on May 16, 2012, the parties agreed to a settlement conference, and the defendants agreed to defer plaintiff's deposition. The conference was held on September 6, 2012 without success. The case was returned to the court and an order was entered on September 20, 2012 directing the plaintiff's deposition to be taken and continuing the case to November 14, 2012 (document 38). The plaintiff's deposition was taken on October 25, 2012.

6. On March 21, 2012, the plaintiff served her "first set of interrogatories and request to produce," which were answered on April 20, 2012. On June 4, 2012, the plaintiff served her "second set of interrogatories and request to produce," which were answered on October 17, 2012, and on October 25, 2012, the plaintiff served her "third set of interrogatories and request to produce," which were answered on November 26, 2012.

7. On December 3, 2012, the undersigned received a telephone call from the plaintiff. The purpose of the call was related to certain answers supplied by the defendants to the plaintiff's second and third discovery requests. The undersigned could not follow the conversation completely, so asked the plaintiff to put her requests in writing.

8. The plaintiff made her requests in writing in a letter dated December 5, 2012, a copy of which is attached as Exhibit A.

9. Exhibit A makes no reference to the subject of the instant motion, which is Document Request No. 4 from the second set of discovery, a copy of which is attached to the instant motion and states "Copy of Federal Reporting Requirements for Human Resource Department for Applicant Records."

10. The defendants did in fact on December 14, 2012, supply the supplemental discovery answers requested by the plaintiff in her December 5, 2012 letter. See Exhibit B (submitted without attachments).

11. Between December 5 and December 14, 2012, the undersigned sent correspondence to the plaintiff in accordance with the obligations for cooperation in discovery imposed by the Federal Rules. See Exhibit C.

12. Thus, the plaintiff has never requested a "supplemental answer" to Document Request No. 4 from her second set of discovery and, accordingly, this motion is premature at best, and a violation of the spirit of the federal discovery rules at worst.

13. It must be noted that the defendants did answer Document Request No. 4 from the second document request on October 17, 2012 (See Exhibit D), and have never been asked by the plaintiff, prior to the instant motion, to reconsider their answer.

WHEREFORE, the defendants respectfully request that the motion to compel and to extend discovery be denied and for such other and further order as the court deems just and appropriate under the rules.

Respectfully submitted,

Illinois Community College District 504, County of Cook, State of Illinois a/k/a Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, and Danielle Stephens

By:  s/Daniel E. Cannon
     Daniel E. Cannon

Daniel E. Cannon
Kusper & Raucci Chartered
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 332-5000
ARDC No. 6180109
Attorney for Defendants