IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS


| | | |
|---|---|---|
| Kathy Travis | ) | |
|      Plaintiff, | ) | No, 11cv7911 |
| | ) | Judge Elaine E. Bucklo |
| Triton College,   AND | ) | Magistrate Sheila M. Finnegan |
| Daniel E. Cannon  (Attorney for the | ) | |
| Defendant's) | ) | |
|      Defendants. | ) | |

**FILED**

JAN 1 7 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## AMENDED COMPLAINT

NOW COME the Plaintiff Kathy Travis pro see, with an amended complaint to include the

defendant's attorney Daniel E. Cannon in the matter of Travis V. Triton College.  This is a claim

for violation of Plaintiff's civil rights as protected by the constitution and laws of the United

States under 42 U.S.C.  1983, 1985, and 1986.  The court has jurisdiction under 28 U.S.C.  1343

and 1367.  Submitted to the Defendants, through their attorney Daniel E. Cannon of Kusper &

Raucci Chartered at 30 North LaSalle Street, Suite 3400; Chicago Illinois, 60602.


## INTRODUCTION


On October 25, 2012 @ 10:00 a.m. the Plaintiff met with the defendant's attorney Daniel E.

Cannon at Kusper & Raucci Chartered at 30 North LaSalle Street, Suite 3400, Chicago, Illinois

60602 to proceed in the taking of a deposition for the case of Travis v. Triton college case

number 11cv7911. On that date the Plaintiff was introduced to a court reporter whose name is Shelly White who works for Capital Reporting Company @ 500 North Michigan Avenue, Suite 300, Chicago Illinois, 60611. During the deposition the Plaintiff was asked questions by the defendant's attorney and shown exhibits that the attorney would be using at trial. The plaintiff answered all of the attorney's questions on the case. After the deposition was over the plaintiff was told by the attorney that the court reporter had done work for his firm before for many years and that I could trust her accuracy in preparing the deposition transcript then I was asked if I wanted to sign or reserve my signature by the court reporter. Mr. Cannon went on to explain further about reserving my signature until after the transcript had been prepared so that I would have a chance to look over it for accuracy. Ms. Shelly White went further in saying that I had 30 days to review it and that I the plaintiff would also receive a letter in the mail stating that the deposition was ready and that I the plaintiff could come down and review it and sign off on it. I never received the letter from Ms. White which put me at a disadvantage under federal Rule 27(2) Failure to sign. My Complaint is as follows:

## I.    COMPLAINT

Several weeks went by and the Plaintiff still had not received the letter from Shelly White Capital Recording Company informing me that the transcript was ready for review. On December 6, 2012 the Plaintiff made contact with Daniel E. Cannon regarding the deposition, and asked him on what date did he receive a copy of the deposition and he informed me that he received it on November 7, 2012. The Plaintiff also made contact with Capital Reporting Company and inquired about the letter and asked when was it sent out and they stated November 7, 2012. The plaintiff asked for proof of delivery and if they could provide it showing that the

letter was sent and on what date from capital reporting company and they said that they could not

provide me with proof of delivery. On December 6, 2012 the plaintiff also asked for and email

copy of the transcript. I was told that it would be sent right away and it wasn't. On December 7,

2012 the company failed to send it. The Plaintiff made another call to capital reporting on

December 17, 2012 and requested that a copy be sent by email, (**Attached is a copy of the**

**Plaintiff's email from Capital Reporting Company**). It is the plaintiff's belief that because of

the collaboration between Daniel E. Cannon and Shelly White that the plaintiff did not receive

notice that the deposition was ready to review. And the Plaintiff further inserts federal rule 28(c)

to support her claim.

(c) Disqualification. A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or **employed by any party's attorney**; or who is financially interested in the action.


The Plaintiff went and spoke with the post master and was told that local mail delivery only

takes a day to be delivered. The letter addressed to the plaintiff from capital reporting company

was never sent out. Shelly White did not act in good faith and failed to act in a professional

manner. The long standing working relationship between Daniel E. Cannon and Shelly White

shows collaboration that they took counsel together and willfully and intentionally deceived and

deprived the plaintiff of an opportunity to review the deposition/ transcript and to sign off on it

creating a failure to sign. I have later discovered that it is very likely that the attorney employed

this trick as a trial tactic. The Plaintiff was taken advantage of by the attorney and as a result it

caused a great harm to the plaintiff. Before the date of the deposition the Plaintiff didn't have

any intentions of reserving her signature, on October 25, 2012 was the first time the plaintiff had

ever heard of it. The plaintiff furthered discovered that the deposition was restyled in terms of content merely to carry out the intent of alterations to the attorney's advantage.

The Plaintiff addresses the attorney's ethics, and conduct; this constitutes questionable misconduct. The attorneys advised me about an area of law and erroneously mislead the Plaintiff.

- Both the attorney and the court reporter stated that I had 30 days to review the transcript.
- The court reporter stated that a letter would be sent out, when the transcript was completed.
- The Plaintiff called Capital reporting company they stated only 28 days are allowed to review deposition.
- Capital Reporting company stated that a un signed deposition; constitutes a waver in my rights.
- On November 14, 2012, the attorney Daniel E. Cannon described for the court more detail about the process, and the plaintiff believes that because the attorney was fully aware of the federal rules he also knew that the failure to sign rule would apply in regards to a deposition. Daniel E. Cannon was the "moving force" behind the alleged deprivation. He directly participated in causing the harm.

## II. COMPLAINT

On December 3, 2012, the Plaintiff made contact with the attorney to address items that had not been sent from interrogatories 2 and 3 and to speak with attorney Daniel E. Cannon about the verifications. Mr. Cannon had been substituting the verifications with a person to whom I had not asked a question and had them to sign the verification that they gave the answer. He had been using Sean Sullivan an administrator of the college to sign off on all verifications even though he

did not provide the answers. I addressed this with him and he told me that he could use whomever he pleased and that I was trying to tell him how to do his job. The attorney was hostile and very negative toward me and from this point I requested that he obtain verifications from the person that I am asking the answers from and this is what brings me to my 2nd complaint against him and it is as follows:

1. On November 26, 2012, False information was given to the plaintiff on the 3rd set of initial Interrogatories (**Attachment 1**) included. The answers received from the defendants were submitted to make it appear that the employee Tatiana Ross-King worked in the business department in 2011. The answers were styled and tailored by the attorney Daniel E. Cannon and submitted to the plaintiff under false pretenses. In addition to that the defendant's attorney failed to submit all of the verifications that the plaintiff requested to the initial 3 set of interrogatories pursuant to section 1-109 of the Illinois code of civil procedure from Sum Lau and Gerardo Porras-Nava. Instead the attorney substituted the verification with Sean Sullivan's verification dated November 21. 2012. The attorney was having Sean Sullivan sign off on all interrogatories. However the 3rd set of interrogatories requested specific parties. See (**Attachment 2 verifications #1**)

2. Upon examination of the documentation received from the defendants by November 26, 2012. The plaintiff perceived that the date was omitted from the HR report concerning Tatiana Ross-King's transfer from the business department to the area of Operations and Maintenance. The date was omitted intentionally by the defendants. See (**Attachment 3 HR Reports #1**)

3. The letter dated December 5, 2012 reflects all of the items that were missing. The plaintiff called the attorney on December 3, 2012 to address items missing from initial 3 set of interrogatories and a list was provided to him. See (**Plaintiffs Letter Dated December 5, 2012 Attachment 4**). The start date and end date of the transfer for Tatiana Ross King to Operations and Maintenance (Job 2.) was a key element and it was intentionally omitted by

5

the defendants to go along with their false statements that they made on the interrogatory. (Attachment 3 HR Reports)

4. The attorney Daniel E. Cannon drafted up the supplemental answers knowing that the Plaintiff was aware of the false statements because this was discussed over the phone on December 3, 3012. The employee's transfer to Operations and Maintenance on October 4, 2010 revealed that the defendants were not telling the truth on the interrogatory, this employee did not work during this time period in January of 2011 so Daniel Cannon inserted an email to correct "cover up" the fact that the defendants gave false statements on the initial 3rd set of interrogatories. See (**Attachment 5 Supplemental Answer & email from Senior accountant**)

5. In addition the verifications submitted by Sum Lau, on December 14, 2012 and from Gerardo Porras-Nava on December 14, 2012 were all submitted after November 26, 2012 to line up with the supplemental answers provided by and drafted up by Daniel Cannon. See (**Attachment 2 verifications # 2 & 3**). Originally these verifications were supposed to have been sent with the Plaintiff's initial 3rd set of interrogatories on November 26, 2012, but the attorney willfully and intentionally sent them with his supplemental answers instead; intending to deceive the plaintiff and the court.

6. Upon reading the verification sent by Gerardo Porras-Nava it reflects his e-mail which clearly shows that he provided this verification after the fact. (**Attachment 2 verifications #3**). The Plaintiff did not ask the attorney to amend or supplement the answers. The attorney "changed the truth into a lie" of his own evil intent. The email dated December 12, 2012 reflects Daniel Cannon's statement of the correction. (**Attachment 6**)

The American bar association promulgates and promotes its Model Rules of Professional Conduct an attorney who fails to adapt these rules are engaged in questionable misconduct. Those indiscretions and failures resulted in harm to the plaintiff's rights secured by the United States Constitution and federal statutes. This is a disastrous way to act, attorneys are held to a

high standard. Attorneys are to be upright and honest. The attorney's decision to employ a tactic to harm the case of the plaintiff for his advantage is unacceptable and it violates the plaintiff's constitutional rights.

In addition to protection against deprivations of the procedural rules of civil procedure the defendant attorney engaged in conduct that was "arbitrary, or conscience shocking, in a constitutional sense. The Supreme Court has held that one of the substantive elements of the Due Process Clause protects those rights that are fundamental. All of the Bill of Rights protects such fundamental rights. The defendant's attorney violated a federal statute. A right secured by federal law. The attorney's "act is so obviously wrong",

The court has jurisdiction under 28 U.S.C. 1343 and 1367. Violation of Plaintiff's civil rights as protected by the constitution and laws of the United States under 42 U.S.C. 1983, 1985, and 1986. Every person who under any statute, ordinance, regulation, causes to be deprivation of any rights, privileges, secured by the Constitution and laws, shall be liable to the party injured in an action at law suit in equity, or other proper proceeding for redress and are subject to liability.

Therefore the plaintiff prays that the court dismiss all defenses of the defendants on the grounds of violation of the plaintiff's Constitutional Rights and that the full amount of damages be granted to the plaintiff.

## CERTIFICATION

I Kathy Travis certify that the facts stated in this complaint are true to the best of my knowledge, and that I have served the foregoing complaint upon the defendants attorney Daniel E. Cannon @ Kusper & Raucci Chartered, 30 North LaSalle Street Suite 3400, Chicago, Illinois 60602. Deposited, in the U.S. Mail with prepaid postage on January 3, 2013.


Kathy Travis

1150 South 15th Avenue

Maywood, Illinois 60153

Heather Nappi <hnappi@capitalreportingcompany.com>  View Contact

To:"faithcatchit@netzero.com" <faithcatchit@netzero.com>Cc:

Sent: Mon, Dec 17, 2012 11:19 AM

Travis Kathy 10-... (614KB) Ms. Travis,


Attached please find the watermarked copy of your transcript for your records.


Thank you kindly,

Heather


Heather Nappi

Regional Operations Manager

Capital Reporting Company


Proudly Serving More Than 5,000 Clients in 50 States... And Abroad!

Chicago IL Office: (t) 312.542.2400  (f) 877.671.6712

---------------------------------------------------------------------------

500 N. Michigan Avenue, Suite 300, Chicago IL 60611

www.CapitalReportingCompany.com

Offices Nationwide

# Plaintiffs

# ATTACHMENT 1

**Answers from the defendants on 3rd set of Initial Interrogatories**

# IN THE
## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kathy Travis, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11cv7911 |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| Triton College, Sean Sullivan, Kevin | ) | Magistrate Sheila M. Finnegan |
| Kennedy, Sum Lau, Marianne Mayer, | ) | |
| Donna Stadermann, Danielle Stephens, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

TO:    Kathy Travis
         1150 S. 15th Avenue
         Maywood, Illinois 60153

NOW COME the Defendants, Illinois Community College District 504, County of Cook, State of Illinois a/k/a Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, and Danielle Stephens, by and through their attorneys Daniel E. Cannon of Kusper & Raucci Chartered, and for their response to plaintiff's third set of interrogatories, state as follows:

## INTERROGATORIES

1.     To be answered by Sum Lau,

     Who was the **other hourly** assigned to pull her 30 files **In Early January of 2011?**

ANSWER:    Tatiana Ross-King.

2.     To be answered by Sum Lau,

When did this **other hourly** start this position **In Early January of 2011?**

A.    Please provide the name of this **other hourly** employee in **January 2011**.

ANSWER:    Tatiana Ross-King began her employment as an hourly, Technical Assistant in the Business Office and thereafter assumed the position of Secretary II as a member of the Classified union bargaining unit.

B.    Please provide the **start date** of this **employee** and her **position** in early **January of 2011**.

ANSWER:    Ms. Ross-King began her employment as an hourly employee on June 20, 2007, and began her employment as a Classified employee on February 6, 2012.

3.    To be answered by Geraldo Porras-Nava Senior Accountant.

In **Early January 2011**, it states that Geraldo Porras-Nava Senior Accountant assigned **two hourly** to pull the **1099 statement** which was due on **January 31, 2011**.

A.    Please provide the name of the **other hourly** you assigned to pull these 30 files **In Early January 2011.**

ANSWER:    The two hourly employees assigned to the tasks related to the preparation of the 1099 Statement were Tatiana Ross-King and Kathy Travis.

Respectfully submitted,

Illinois Community College District 504, County of Cook, State of Illinois a/k/a Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, and Danielle Stephens

By:_____
              Daniel E. Cannon

Daniel E. Cannon
Kusper & Raucci Chartered
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 332-5000
ARDC No. 6180109
Attorney for Defendants

2

## <u>VERIFICATION</u>

STATE OF ILLINOIS    )
                          )
COUNTY OF COOK    )

      I, Sean Sullivan, Vice President of Business Services, do hereby state that I have read the foregoing Answers to Third Set of Interrogatories and that under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I certify that the answers are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.


                                         Sean Sullivan

                                      November 21, 2012

| | | |
|---|---|---|
| Kathy Travis, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11cv7911 |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| Triton College, Sean Sullivan, Kevin | ) | Magistrate Sheila M. Finnegan |
| Kennedy, Sum Lau, Marianne Mayer, | ) | |
| Donna Stadermann, Danielle Stephens, | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO PLAINTIFF'S THIRD REQUEST TO PRODUCE

TO:   Kathy Travis
      1150 S. 15th Avenue
      Maywood, Illinois 60153

      NOW COME the Defendants, Illinois Community College District 504, County of Cook, State of Illinois a/k/a Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, and Danielle Stephens, by and through their attorneys Daniel E. Cannon of Kusper & Raucci Chartered, and for their response to plaintiff's third request to produce, state as follows:

## DOCUMENT REQUEST

1.    The Plaintiff requests a **copy** of Triton College District #504 <u>Human Resources Report</u> for employee Tatiana King.

ANSWER:   See Attachment 1, numbered pages 78-79.

2.    The Plaintiff requests a **copy** of Triton College District #504 <u>Human Resources Report</u> for employee Tatiana Kings Position change and the start date of her new position.

ANSWER:   See Attachment 1 above.

| | | |
|---|---|---|
| Kathy Travis, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11cv7911 |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| Triton College, Sean Sullivan, Kevin | ) | Magistrate Sheila M. Finnegan |
| Kennedy, Sum Lau, Marianne Mayer, | ) | |
| Donna Stadermann, Danielle Stephens, | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO PLAINTIFF'S THIRD REQUEST TO PRODUCE

TO:   Kathy Travis
1150 S. 15th Avenue
Maywood, Illinois 60153


NOW COME the Defendants, Illinois Community College District 504, County of Cook, State of Illinois a/k/a Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, and Danielle Stephens, by and through their attorneys Daniel E. Cannon of Kusper & Raucci Chartered, and for their response to plaintiff's third request to produce, state as follows:

## DOCUMENT REQUEST

1.   The Plaintiff requests a **copy** of Triton College District #504 Human Resources Report for employee Tatiana King.

ANSWER:   See Attachment 1, numbered pages 78-79.

2.   The Plaintiff requests a **copy** of Triton College District #504 Human Resources Report for employee Tatiana Kings Position change and the start date of her new position.

ANSWER:   See Attachment 1 above.

3.     The Plaintiff requests <u>all questions</u> 1-3 to be answered <u>under oath and produced</u>.

ANSWER:     There is no requirement that documents be produced "under oath" but the defendants have produced the documents requested and they are attached.

Respectfully submitted,

Illinois Community College District 504, County of Cook, State of Illinois a/k/a Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, and Danielle Stephens

By: _____
             Daniel E. Cannon

Daniel E. Cannon
Kusper & Raucci Chartered
30 North LaSalle Street, Suite 3400
Chicago, IL  60602
(312) 332-5000
ARDC No. 6180109
Attorney for Defendants

3.    The Plaintiff requests <u>all questions</u> 1-3 to be answered <u>under oath and produced</u>.

ANSWER:    There is no requirement that documents be produced "under oath" but the defendants have produced the documents requested and they are attached.

Respectfully submitted,

Illinois Community College District 504, County of Cook, State of Illinois a/k/a Triton College, Sean Sullivan, Kevin Kennedy, Sum Lau, Marianne Mayer, Donna Stadermann, and Danielle Stephens

By: _____
         Daniel E. Cannon

Daniel E. Cannon
Kusper & Raucci Chartered
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 332-5000
ARDC No. 6180109
Attorney for Defendants

2

Original

# ATTACHMENT 1

From The Defendants.

**Triton College**
**District #504**

**HUMAN RESOURCES REPORT**
**Professional Employment**
**Volume XLIII, No. 11**
**June 19, 2007**
**Page 14**

*6.0*      HOURLY EMPLOYEES

*6.1*      New Hires

*6.1.01*  Individual:            *    Alen Hodzic
          Start Date:                6/20/07
          Position:                  Laborer II
          Area:                      Operations and Maintenance
          Compensation:             $6.75/30 hours
          Temporary Dates:          5/8/07 – 6/19/07
          Replacing:                 Tony Parrella

6.1.02    Individual:            *    Tatiana Ross
          Start Date:                6/20/07
          Position:                  Technical Assistant
          Area:                      Finance
          Compensation:             $7.25/30/ hours
          Replacing:                 Dyna Clark

6.1.03    Individual:            *    Lakisha Semien
          Start Date:                6/20/07
          Position:                  Instructional Aide I
          Area:                      Adult Basic Education
          Compensation:             $6.50/30 hours
          Replacing:                 5/21/07 – 6/19/07

6.1.04    Individual:            *    Aaron Doyle-Marzette
          Start Date:                6/20/07
          Position:                  Tutor Level I
          Area:                      Learning Resource Center
          Compensation:             $7.70/30 hours
          Temporary Dates:          5/3/07 – 6/19/07
          Replacing:                 Cecil Maddela

6.1.05    Individual:            *    Nathan Brown
          Start Date:                6/20/07
          Position:                  Instructional Aide I
          Area:                      Ornamental Horticulture
          Compensation:             $6.50/20 hours
          Temporary Dates:          3/26/07 – 6/19/07
          Replacing:                 Pat Jones



**Triton College**
**District #504**

**HUMAN RESOURCES REPORT**
**Professional Employment**
**Volume XLVIII, No. 8**
**February 21, 2012**
**Page 10**

**4.0        CLASSIFIED, POLICE AND ENGINEERS**

**4.2        Request to Offer Position**

**4.2.02**

| | | |
|---|---|---|
| Individual: | | Frances Braglia |
| Start Date: | | 8/13/07 |
| From: | Position: | Assistant Coordinator, Special Projects |
| | Compensation: | $12.50 per hour |
| | Area: | Student Services |
| To: | Position: | Coordinator, Scheduling |
| | Compensation: | $34,244 Grade 12 |
| | Area: | Facilities |
| | Effective: | 1/25/12 -- Started with Presidential approval based on Board Policy #4101 |
| | Replacing: | Gloria Biancofiori (retirement) |

**4.2.03**

| | | |
|---|---|---|
| Individual: | | Tatiana Ross-King |
| Start Date: | | 6/25/07 |
| From: | Position: | Technical Assistant |
| | Compensation: | $8.75 per hour |
| | Area: | Operations and Maintenance |
| To: | Position: | Secretary II |
| | Compensation: | $29,418 Grade 8 |
| | Area: | Nursing |
| | Effective: | 2/6/12 -- Started with Presidential approval based on Board Policy #4101 |
| | Replacing: | Valarie Ryan (termination) |

**4.2.04**

| | | |
|---|---|---|
| Individual: | | James King |
| Start Date: | | 11/29/10 |
| From: | Position: | Laborer II |
| | Compensation: | $8.75 per hour |
| | Area: | Operations and Maintenance |
| To: | Position: | Custodian I (third shift) |
| | Compensation: | $29,703 Grade 6 (includes 10% shift differential) |
| | Area: | Operations and Maintenance |
| | Effective: | 2/27/12 |
| | Replacing: | Marta Rivas (transfer) |



# Plaintiffs

# ATTACHMENT 2

**Verifications**

**1, 2, & 3**

## VERIFICATION

STATE OF ILLINOIS    )
                          )
COUNTY OF COOK    )

I, Sean Sullivan, Vice President of Business Services, do hereby state that I have read the foregoing Answers to Third Set of Interrogatories and that under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I certify that the answers are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Sean Sullivan

November 2/, 2012

#1.

3

## VERIFICATION

STATE OF ILLINOIS      )
                       )
COUNTY OF COOK         )

I, Sum Lau, Assistant Director of Finance, do hereby state that I have read the foregoing Supplemental Answers to Third Set of Interrogatories, number 1, and that under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I certify that the answer is true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Sum Lau

December 1?, 2012

#2.

## VERIFICATION

STATE OF ILLINOIS    )
                          )
COUNTY OF COOK     )

    I, Gerardo Porras-Nava, Senior Accountant, do hereby state that I have read the foregoing Supplemental Answers to Third Set of Interrogatories, number 1 with respect to my email dated March 11, 2011, and that under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I certify that the answer is true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Gerardo Porras-Nava,

December 14, 2012

#3.

# Plaintiffs

# **ATTACHMENT 3**

HR Reports

1 & 2

Triton College
District #504

HUMAN RESOURCES REPORT
Professional Employment
Volume XLVIII, No. 8
February 21, 2012
Page 10

**4.0**     **CLASSIFIED, POLICE AND ENGINEERS**

**4.2**     _Request to Offer Position_

**4.2.02**  Individual:                          Frances Braglia
            Start Date:                          8/13/07
            **From:**  Position:                 Assistant Coordinator, Special Projects
                       Compensation:             $12.50 per hour
                       Area:                     Student Services
            **To:**    Position:                 Coordinator, Scheduling
                       Compensation:             $34,244 Grade 12
                       Area:                     Facilities
                       Effective:                1/25/12 – Started with Presidential approval
                                                 based on Board Policy #4101
                       Replacing:                Gloria Biancofiori (retirement)

**4.2.03**  Individual:                          Tatiana Ross-King
            Start Date:                          6/25/07
            **From:**  Position:                 1 Technical Assistant  Job 1
                       Compensation:             $8.75 per hour
                       Area:                     2 Operations and Maintenance  Job 2  Date omitted
            **To:**    Position:                 Secretary II
                       Compensation:             $29,418 Grade 8
                       Area:                     3 Nursing  Job 3
                       Effective:                2/6/12 – Started with Presidential approval
                                                 based on Board Policy #4101
                       Replacing:                Valarie Ryan (termination)

**4.2.04**  Individual:                          James King
            Start Date:                          11/29/10
            **From:**  Position:                 Laborer II
                       Compensation:             $8.75 per hour
                       Area:                     Operations and Maintenance
            **To:**    Position:                 Custodian I (third shift)
                       Compensation:             $29,703 Grade 6 (includes 10% shift
                                                 differential)
                       Area:                     Operations and Maintenance
                       Effective:                2/27/12
                       Replacing:                Marta Rivas (transfer)

# 1 .

**Triton College**
**District #504**

**HUMAN RESOURCES REPORT**
**Professional Employment**
*Volume XLVII, No. 3*
*September 28, 2010*
*Page 23*

**6.0**     **HOURLY EMPLOYEES**

**6.2**     <u>Resignations</u>

**6.2.05**   
| | |
|---|---|
| Individual: | Lenikka Jones |
| Position: | Clerical II |
| Area: | Student Services |
| Effective: | 9/2/10 |

**6.3**     <u>Termination Due to Grant Expiration</u>

**6.3.01**   
| | |
|---|---|
| Individual: | Anita Karlson |
| Position: | Assistant Coordinator Special Projects |
| Area: | Title III |
| Effective: | 9/30/10 |

**6.4**     <u>Position Change</u>

**6.4.01**   
| | | |
|---|---|---|
| Individual: | | Tatiana Ross |
| Start Date: | | 6/25/07 |
| **From:** | Position: | Technical Assistant |
| | Compensation: | $8.75/30 hours |
| | Area: | Business Office |
| **To:** | Position: | Technical Assistant |
| | Compensation: | $8.75/30 hours |
| | Area: | ✱ Operations and Maintenance ✱ |
| | Effective: | 10/4/10 *Date employee left business office* |
| | Replacing: | Avida McCann |

**6.5**     <u>Recommendation for Termination</u>

**6.5.01**   
| | |
|---|---|
| Individual: | Ayanna Weaver |
| Position: | Clerical II |
| Area: | Admissions |
| Effective: | 9/29/10 |

**6.6**     <u>Temporary Hourly</u>

**6.6.01**   
| | |
|---|---|
| Individual: | Robert J. Conway |
| Position: | Police Officer |
| Area: | Police Department |
| Compensation: | $17.20 per hour |
| Temporary Dates: | 9/20/10 – 9/28/10 |

*In-District; +Teaching assignment in progress; #Grant funded; &Contracted item; @Benefits paid for by grant

# 2.



# Plaintiffs

# ATTACHMENT 4

**Letter dated December 5, 2012**

December 5, 2012

Kathy Travis                                    RE: Travis v. Triton College
1150 S. 15th Avenue                                 Case No. 11-C-7911
Maywood, IL  60153                                  Your file No. 886-075

Daniel E. Cannon
Kusper & Raucci Chartered
30 N. LaSalle St, Suite 3400
Chicago, IL  60602

Dear Mr. Cannon:

Enclosed is a list of the items I must recieve on or before December 14, 2012.
If the items are not recieved by that date, I will file a motion in the court
to compel the defendants to do so.  I will also file a motion in court to
extend discovery.

Thank you for your prompt attention to this matter.

Respectfully,

Kathy Travis

## ITEMS TO BE PRODUCED

1. 2nd Set of Interrogatories: Question #7.
   A. Compliance: Federal reporting requirements
      for applicant records.

2. 3rd Set of Interrogatories:  Part B.
   1. Provide the start date of employee Tatiana Ross-King
      Area: Operations and Maintenance.
   2. Provide the end date of employee Tatiana Ross-King
      Area: Operations and Maintenance.

3. Provide verification pursuant to Section 1-109 of the Illinois Code
   of Civil Procedure, to certify that the answers are true and correct
   by employee supervisor Sum Lau.

The Plaintiff certifies that she served the foregoing Plaintiff's Items to
be Produced upon the Defendants attorney Daniel E. Cannon, Kusper & Raucci
Chartered, 30 North LsSalle Street, Suite 3400, Chicago Illinois 60602. By
U.S. Mail, with proper prepaid postage on December 5, 2012.

Respectfully submitted,

BY: _____
       Kathy Travis

Kathy Travis
1150 S. 15th Avenue
Maywood Illinois 60153

# Plaintiffs

# **ATTACHMENT 5**

**Defendants Supplemental Answer & email from Senior Accountant**

## III.    THIRD SET OF INTERROGATORIES

1.    (Original Question and Answer)

   1.    To be answered by Sum Lau,

      Who was the **other hourly** assigned to pull her 30 files **In Early January of 2011?**

      ANSWER:    Tatiana Ross-King.

(Follow up from plaintiff's letter of December 5, 2012)

3rd Set of Interrogatories: Part B.
1.    Provide the start date of employee Tatiana Ross-King
      Area: Operations and Maintenance.

SUPPLEMENTAL ANSWER:    See Attachment labeled as "Interrogatory 1" which contains numbered page 80, Human Resources Report from September 28, 2010 showing Tatiana Ross transferred from the Business Office to Operations and Maintenance effective October 4, 2010, and numbered page 81 (also previously marked as page number 48), an email from Gerardo Porras-Nava dated March 11, 2011 indicating that he had to locate documents himself that the plaintiff had not produced as of January 27, 2011. The correction in this supplemental answer is to identify Gerardo Porras-Nava, rather than Tatiana Ross, as the person who pulled files in January 2011.

2.    (Original Question and Answer)

   2.    To be answered by Sum Lau,

      When did this **other hourly** start this position **In Early January of 2011?**

   A.    Please provide the name of this **other hourly** employee in **January 2011**.

ANSWER:    Tatiana Ross-King began her employment as an hourly, Technical
           Assistant in the Business Office and thereafter assumed the position of Secretary
           II as a member of the Classified union bargaining unit.

(Follow up from plaintiff's letter of December 5, 2012)

    2.    Provide the end date of employee Tatiana Ross-King
          Area: Operations and Maintenance.

SUPPLEMENTAL ANSWER:    See Attachment labeled "Interrogatory 2" which contains a
           Human Resources Report of February 21, 2012, previously produced and marked as page
           79, indicating the effective date of February 6, 2012 for Tatiana Ross-King beginning her
           new position in Nursing.

3.    (Follow up from plaintiff's letter of December 5, 2012)

    3.    Provide verification pursuant to Section 1-109 of the Illinois Code of Civil
          Procedure, to certify that the answers are true and correct by employee supervisor
          Sum Lau.

SUPPLEMNETAL ANSWER:    See attached Verifications of Sum Lau and Gerardo
           Porras-Nava.

Respectfully submitted,

Illinois Community College District 504, County of
Cook, State of Illinois a/k/a Triton College, Sean
Sullivan, Kevin Kennedy, Sum Lau, Marianne
Mayer, Donna Stadermann, and Danielle Stephens

By: _____
          Daniel E. Cannon

Daniel E. Cannon
Kusper & Raucci Chartered
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
(312) 332-5000
ARDC No. 6180109
Attorney for Defendants

# Supplemental Answers
## email

· Sum Ming Lau

**From:** Gerardo Porras-nava [gporrasn@triton.edu]
**Sent:** Friday, March 11, 2011 9:40 AM
**To:** Sum Ming Lau
**Subject:** RE: Performance Review

Sum,

Kathy does a fair job as far as following instructions but my only issue is she always takes a long time to complete projects.

An example would be making copies of 1099-Misc backup; I gave her list of vendors on January 6, 2011 and on January 27th, she still had not copies on approximately 1/3 of the backup. I myself had to locate missing backup in order to verify all information that would be needed on 1099-Misc forms.

Kathy did mention to me that she had other duties during above period due to Maryanne being out.

Gerardo

Triton College
Gerardo Porras / Sr Accountant
2000 Fifth Ave

River Grove, IL 60171-1995
gporrasn@triton.edu
P (708) 456-0300 x3947
F (708) 583-3112

Have a great day at Triton!

\* All projects were done upon availability of time allowed. \*

Confidentiality Notice: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain highly confidential student, college and personal information. Any unauthorized review, use, disclosure or distribution of this information may violate Triton policy and subject the recipient to disciplinary action. If you are not the intended recipient, please contact the sender by reply email and then delete all copies of the original message.

**From:** Sum Ming Lau [mailto:slau@triton.edu]
**Sent:** Wednesday, March 02, 2011 12:12 PM
**To:** bob; Diana Corral; gerardo porras-nava; liz; Susan Zefeldt; Danielle Stephens; Theresa Gajc
**Cc:** Marianne Mayer
**Subject:** Performance Review

Accountant,

This is confidential.

I need everyone to reply to me of what you think of Kathy in term of performance. I do not want you to reply to everyone on the list, instead simply reply to my attention. I do understand everyone is busy but I do expect everyone to have a respond by the end of Friday.

If you believe she has done a good/fair job you can simply reply and let me know she has done a good job or fair job. I still need to know your reasoning if you believe she did good, fair or poor! If you have anything that you want to share this is the time...

3/14/2011

Plaintiffs

# ATTACHMENT 6

**Email from Daniel E. Cannon**

# Daniel Cannon

**From:**   Daniel Cannon
**Sent:**   Wednesday, December 12, 2012 12:39 PM
**To:**     'Ms. Kathy'
**Subject:** RE: Request to Produce documents email

Ms. Travis- as I promised in my email to you last Friday, I am diligently working on amending the discovery answers as you requested in your letter of last week. I will be sending you written, amended answers in accordance with the rules just as soon as they are re-drafted and I am able to obtain the Rule 1-109 verifications from Mr. Sullivan and Mr. Lau. I expect to be able to complete these tasks within the next few days and I will send you the documentation by email.

The amendments will reflect, among other things, that Tatiana Ross transferred from the Business Office to Operations & Maintenance in October 2010, that she was not the person who assisted you when you were unable to complete your tasks related to the 1099 reports in January of 2011. The corrected description is that Gerardo Porras-Nava gave you a list of vendors on January 6, 2011 and, when you still had not completed about 1/3 of the task by January 27, 2011, Mr. Porras-Nava himself had to locate the documents in order to verify all of the information needed to complete the 1099-Misc. forms.

Given the forthcoming compliance with your requests, if you choose to proceed on a motion to compel, or other court motion related to this matter, I will have not alternative but to seek all remedies available under the Federal Rules.

Daniel E. Cannon
Kusper & Raucci
(312) 332-5000

---

**From:** Ms. Kathy [mailto:faithcatchit@netzero.com]
**Sent:** Tuesday, December 04, 2012 3:33 PM
**To:** Daniel Cannon
**Subject:** Re: Request to Produce documents email

Dear Mr. Cannon:


If by chance you were not able to open my attachment, I do apologize.  I will however send out my request list by mail.

Thank You

Ms. Kathy Travis


Jesus Is Lord

---------- Original Message ----------
From: "Ms. Kathy" <faithcatchit@netzero.com>
To: dec@kusperraucci.com
Subject: Re: Request to Produce documents
Date: Tue, 4 Dec 2012 20:57:59 GMT


Dear Mr. Cannon:

12/13/2012