**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 9, 2013[*]
Decided December 10, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-2388

| | |
|---|---|
| KATHY TRAVIS,<br>　　*Plaintiff-Appellant,*<br><br>　　*v.*<br><br>TRITON COLLEGE, et al.,<br>　　*Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 11 C 7911<br><br>Elaine E. Bucklo,<br>*Judge.* |

**O R D E R**

Kathy Travis, a former employee at Triton College, appeals the grant of summary judgment for the college, in her suit under Title VII of the Civil Rights Act of 1964 asserting discrimination based on her Christian beliefs. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Travis worked for three years in various departments at Triton College and was fired based on a negative evaluation of her clerical work in the accounting department. Travis blamed the bad review on sabotage by a co-worker who once told her to keep her prayers to herself. Up until that point she had received good reviews for her work in other departments. At a hearing held by college officials to address her work performance and interactions with co-workers, Travis objected to the co-worker's behavior. But Triton fired her anyway, she said, without investigating the alleged sabotage. Although the college delayed her discharge to allow her to apply to clerical positions in other departments, Travis was not hired for those jobs.

She then sued Triton, her supervisor, her co-worker, and several other college officials, asserting religious discrimination based on her discharge and the refusal to hire her for one of the open positions. *See* 42 U.S.C. § 2000e-2(a)(1). During discovery, Travis identified three co-workers whom she believed had been treated favorably because, she said, these co-workers watched music videos at work without reprimand, yet she was admonished for watching a video of her pastor's sermons. She noted that her supervisor—the one who had negatively evaluated her work performance—was aware of her religious beliefs because they had prayed together. The college provided evidence showing that all of the open positions were eventually filled, but did not say if it sought a replacement to fill the position in the accounting department.

The district court granted summary judgment to Triton, concluding that Travis failed to establish a prima facie case of discrimination on either her discharge or failure-to-hire claim. The court explained that Travis had not provided any evidence in either claim to satisfy what is typically characterized as the fourth prong under the indirect method of proof, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), requiring litigants to show that they were treated less favorably than comparable employees or applicants outside their protected class. For the discharge claim, the court noted that Travis had not shown that Triton ever sought a replacement for her, and therefore concluded that she could not prevail under the burden-shifting approach, which required a minimal showing that Triton sought someone else to perform the work in the accounting office after she left. And for her failure-to-hire claims, the court explained, Travis had not provided evidence about the religious beliefs of those hired for the open positions, so she could not establish that they were outside her protected class.

On appeal Travis maintains, with respect to her discharge claim, that she established a prima facie case based on her belief that Triton must have hired a replacement to do her work in the accounting office. But the district court correctly

concluded that Travis offered no evidence to suggest that Triton sought a replacement, *see Pantoja v. Am. NTN Bearing Mfg. Corp.*, 495 F.3d 840, 846 (7th Cir. 2007), and mere speculation is insufficient to create a factual dispute at summary judgment, *see Berry v. Chi. Transit Auth.*, 618 F.3d 688, 692 (7th Cir. 2010); *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Concerning her failure-to-hire claim, Travis also disputes the court's conclusion that she did not identify any more favorably treated co-worker who was outside her protected class. We understand her to assert that her co-workers did not share her Christian beliefs because they watched secular music videos at work. But Travis conceded at her deposition that she was unaware of her co-workers' religious beliefs, so the court properly concluded that she had failed to show that any of them was outside her protected group. *See Martino v. W. & S. Fin. Group*, 715 F.3d 195, 202–03 (7th Cir. 2013). Likewise, because she supplied no evidence about the beliefs of those hired for the open positions, the court correctly determined that she failed to establish that the successful candidates were outside her protected class. *See Grigsby v. LaHood*, 628 F.3d 354, 358 (7th Cir. 2010).

AFFIRMED.